IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM COLON, *Petitioner*, v. JOHN RIVELLO, *Respondent*. | Civil Action No. 21-cv-4486 |

## ORDER

**AND NOW**, this 29th day of August, 2023, upon consideration of a Report and Recommendation by Magistrate Judge Carol Sandra Moore Wells (ECF No. 16), and Petitioner William Colon's objections thereto (ECF No. 17), I find as follows:

1. William Colon ("Colon") brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2015 conviction for murder and other offenses in the Philadelphia Court of Common Pleas. This matter was referred to Magistrate Judge Carol Sandra Moore Wells for a report and recommendation. On September 30, 2022, Judge Wells recommended that the petition be denied. Colon filed timely objections.

2. Colon's memorandum of law before Judge Wells argued that counsel was ineffective under Strickland v. Washington, 466 U.S. 668 (1984), for at least four separate reasons. In his objections to Judge Wells's recommendation, Colon focuses on two of those: (1) that counsel was ineffective for failing to request a cautionary instruction that the jury not use evidence of witness intimidation to infer Colon's propensity for violence, and (2) that counsel was ineffective for failing to object to the prosecutor's comments on how rampant witness intimidation is in Philadelphia.

1

3.   For the reasons explained below, I find that these arguments were properly rejected, and I will therefore deny the petition for a writ of habeas corpus.

## I.   BACKGROUND

4.   Following a jury trial with one co-defendant, Colon was convicted of first-degree murder and other crimes. The jury heard substantial evidence that witnesses were scared to testify, with corresponding argument from the prosecutor that fear and intimidation were "rampant" and "pervasive" in Philadelphia. (N.T. 1/8/15, 27:5-10.) At the close of evidence, the trial judge instructed the jury in relevant part:

> Now, there was evidence tending to show that one or both of the defendants told the witness not to talk to the police.
>
> If you believe this evidence, you may consider it as tending to prove the defendant's consciousness of guilt. You are not required to do so.
>
> You should consider and weigh this evidence along with all the other evidence in the case.
>
> You also heard testimony that one or more of the witnesses may have been subject to intimidation. You may not consider this evidence for consciousness of guilt, since there is no evidence that it was caused by the defendant.
>
> You may, however, consider it to the extent if you find it relevant on the issue of the believability of the different versions of the events given by the witnesses.

(N.T. 1/15/15, 18:4-23.)

5.   After Colon's conviction was affirmed on direct appeal, Commonwealth v. Colon (Colon I), No. 1701 EDA 2015, 2017 WL 89112 (Pa. Super. Ct. Jan. 10, 2017), appeal denied, 169 A.3d 572 (Pa. 2017), cert. denied, 138 S. Ct. 686 (2018), Colon petitioned under Pennsylvania's Post-Conviction Relief Act (PCRA), arguing, in part, that counsel was ineffective for failing to object to the admission of intimidation evidence, failing to object to the above instructions, and failing to request additional limiting instructions. As relevant here, Colon argued that competent counsel would have "request[ed] a cautionary instruction prohibiting the jury from considering the

2

overwhelming 'other crimes' testimony of witness intimidation and threats as evidence that [Colon] had a propensity to commit violence." Commonwealth v. Colon (Colon II), 241 A.3d 457, 2020 WL 6256864, at *2 (Pa. Super. Ct. 2020) (unpublished decision).

    6.      The PCRA Court rejected Colon's petition and the Superior Court affirmed, writing, in relevant part:

> Appellant first argues that trial counsel was ineffective for failing to request a cautionary instruction prohibiting the jury from considering the "other crimes" testimony of witness intimidation and threats, object to the trial court's instruction allowing the jury to consider as evidence of Appellant's consciousness of guilt the other crimes committed by co-defendant Santos, and object to allegedly inadmissible "bad acts" evidence.
>
> When reviewing a trial court's jury instructions, we "will look to the instructions as a whole, and not simply isolated portions, to determine if the instructions were improper." …
>
> …
>
> The trial court instructed the jury that it may, but was not required, to consider "evidence tending to show that one or both of the defendants told the witness not to talk to the police" as evidence tending to show consciousness of guilt. … The jury was also told not to consider evidence "that one or more of the witnesses may have been subject to intimidation" for consciousness of guilt, "since there is no evidence that it was caused by the defendant." … Thus, [Colon] was shielded from any implication that he might have threatened a witness, though the jury was free to consider evidence tending to show that he had employed less coercive means to attempt to prevent witnesses from talking to the police, solely to show consciousness of guilt. The trial court told the jury to consider evidence of the co-defendants' involvement in the illegal sale of drugs "for a limited purpose; that is, for the purpose of showing the circumstances surrounding this event, motive and the relationship between the parties." … The jury was also told not to regard the evidence as tending to establish bad character or criminal tendencies. … Because the trial court accurately instructed the jury, counsel cannot be faulted for failing to lodge an objection that would have been meritless.
> …

Id. at *3-4.

    7.      Colon then brought the present federal habeas petition, reasserting, among other grounds, that counsel should have asked for an additional cautionary instruction.

## II. STANDARD OF REVIEW

8. In reviewing a magistrate judge's report and recommendation, a district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 686(b)(1). I therefore consider de novo whether Colon's Strickland claim should be denied.

## III. DISCUSSION

9. The Sixth Amendment entitles criminal defendants to the effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 683 (1984). To succeed on such a claim, it must be shown that counsel's performance was deficient and the defendant was prejudiced. Id. at 687. Colon argues that his trial counsel was ineffective for failing to request a cautionary instruction and failing to object to the prosecutor's comments regarding witness intimidation.

### A. Cautionary Instruction on Witness Intimidation

10. Colon claims that trial counsel rendered deficient performance by failing to request a cautionary instruction that the jury not consider witness intimidation as evidence of Colon's propensity for violence, as required by Pennsylvania Rules of Evidence 404(b) and 105.

11. Judge Wells recommended, and I agree, that a federal habeas court cannot review the Superior Court's holding that the instructions given complied with state law. Bradshaw v. Richey, 546 U.S. 74, 76 (2005). However, Colon maintains that trial counsel was nevertheless ineffective because counsel should have asked for an additional instruction, also proper under state law, that the trial judge would have granted. As I understand Colon's argument, he contends, in essence, that counsel should have asked for the below-emphasized portion to be inserted in the instructions:

> You also heard testimony that one or more of the witnesses may have been subject to intimidation. You may not consider this evidence for consciousness of

4

> guilt **or propensity for violence**, since there is no evidence that it was caused by the defendant.

12. Colon argues that such a cautionary instruction was needed because the jury heard testimony that witnesses were scared to appear in court. While none of this testimony mentioned Colon by name, Colon posits that the jury inferred who the witnesses must have been scared of. And because Colon was charged with a violent crime (murder), he asserts that it was essential for the jury not to perceive him as having a tendency to engage in violent acts.

13. Because Colon seeks habeas relief from a state conviction, he must satisfy the requirements of 28 U.S.C. § 2254. In particular, where a claim was previously "adjudicated on the merits in State court proceedings," a federal court may not grant relief unless one of three exceptions applies:

   a. The state-court decision was "contrary to … clearly established Federal law, as determined by the Supreme Court of the United States";

   b. The state-court decision "involved an unreasonable application of" such clearly established federal law; or

   c. The state-court decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d).

14. Here, the threshold requirement that the state court adjudicated Colon's <u>Strickland</u> claim "on the merits" is met. As quoted above, the Pennsylvania Superior Court determined that "[Colon] was shielded from any implication that he might have threatened a witness" and thus counsel was not deficient for failing to request additional cautionary instructions. <u>Colon II</u>, 2020 WL 6256864, at *4. Although this reasoning does not use the words "<u>Strickland</u>," "deficient performance," or "prejudice," Colon does not dispute that this was an adjudication of his <u>Strickland</u> claim and his federal habeas claim must therefore meet one of the exceptions in § 2254(d). See

Early v. Packer, 537 U.S. 3, 8 (2002) (state court is not required to cite federal precedent so long as reasoning is consistent with it).

15. Colon relies only on the exception that the state-court decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d)(2). (See Objections at 2.) Specifically, Colon asserts that "the state court proclaimed that a cautionary instruction regarding uncharged crimes of intimidating witnesses was unnecessary because there was 'no evidence' that Colon intimidated witnesses." (Objections at 3.) This was unreasonable, Colon argues, because there was evidence that Colon intimidated witnesses. (Id.)

16. I disagree with Colon's reading of the Superior Court's opinion. The statement that "there is no evidence that [witness intimidation] was caused by the defendant" was not a factual finding but an instruction to the jury—cautioning them not to guess whether Colon was the one who threatened the witnesses. See Colon II, 2020 WL 6256864, at *4. The Superior Court's rejection of Colon's Strickland claim was thus not "based on" a finding that evidence of witness intimidation was lacking; rather, it was based on a finding that the instructions given "shielded [Colon] from any implication that he might have threatened a witness." Colon II, 2020 WL 6256864, at *4. This finding was not "unreasonable": an admonition that intimidation evidence on the part of a defendant does not exist is arguably more helpful to the defendant than an instruction that merely tells the jury to disregard evidence it has heard. And although the admonition was given in the same sentence as an instruction that only addressed "consciousness of guilt" (and not propensity for violence), the statement that "there is no evidence that [witness intimidation] was caused by the defendant" was unqualified. It was therefore not unreasonable for the Superior Court to view

6

these words as shielding Colon from "<u>any</u> implication that he might have threatened a witness." <u>Id.</u> (emphasis added).

17. Colon faults the Superior Court in the above-quoted paragraph for failing to grapple with the numerous examples in which witnesses testified about intimidation and instead treating such facts in a conclusory fashion. (Memorandum at 37.) But the question before the Superior Court was not whether evidence of witness intimidation had been admitted; it was whether it was outside "the wide range of reasonable professional assistance" for Colon's trial counsel not to request an additional reference to "propensity for violence" in an instruction that already told the jurors not to infer that Colon threatened a witness. <u>See</u> <u>Strickland</u>, 466 U.S. at 689. Under the deferential standard applicable on habeas review, I cannot say that the Superior Court unreasonably determined that counsel was not required to make this additional request.

18. Colon argues that "no juror would have been fooled into blindly accepting such a misstatement" that evidence tying Colon to witness intimidation was lacking. (Memorandum at 38.) But jurors are presumed to follow their instructions under both federal and state law. <u>Colon II</u>, 2020 WL 6256864, at *6; <u>Weeks v. Angelone</u>, 528 U.S. 225, 234 (2000). Moreover, Colon's objection that this particular instruction would have been difficult to follow is equally applicable to Colon's preferred instruction—namely, that the jury not use threats against witnesses to infer a propensity for violence. It was therefore not unreasonable for the Superior Court to conclude that failing to ask for an additional reference to propensity for violence was not deficient performance on counsel's part.

19. Colon further argues that the Superior Court made an unreasonable factual finding when it "proclaimed that the trial court instructed the jury not to use any of the other crimes evidence as tending to show Colon's propensity for criminality," which Colon asserts was erroneous

because "the trial court's cautionary instruction did not apply to the other crimes evidence of intimidating witnesses or serving as the violent enforcer for the organization; it only applied to Colon's drug-dealing." (Objections at 4.) This argument again misreads the Superior Court opinion. Colon refers to the second half of the paragraph that adjudicated his <u>Strickland</u> claim, underlined below:

> The trial court instructed the jury that it may, but was not required, to consider "evidence tending to show that one or both of the defendants told the witness not to talk to the police" as evidence tending to show consciousness of guilt. … The jury was also told not to consider evidence "that one or more of the witnesses may have been subject to intimidation" for consciousness of guilt, "since there is no evidence that it was caused by the defendant." … Thus, [Colon] was shielded from any implication that he might have threatened a witness, though the jury was free to consider evidence tending to show that he had employed less coercive means to attempt to prevent witnesses from talking to the police, solely to show consciousness of guilt. <u>The trial court told the jury to consider evidence of the co-defendants' involvement in the illegal sale of drugs "for a limited purpose; that is, for the purpose of showing the circumstances surrounding this event, motive and the relationship between the parties." … The jury was also told not to regard the evidence as tending to establish bad character or criminal tendencies.</u> … Because the trial court accurately instructed the jury, counsel cannot be faulted for failing to lodge an objection that would have been meritless.

<u>Colon II</u>, 2020 WL 6256864, at *4.

20.     The paragraph changes topic at the start of the underlined portion, switching from a discussion of witness-intimidation evidence to a discussion of drug-dealing evidence. Regarding the latter, the Superior Court accurately stated that "[t]he jury was also told not to regard the evidence as tending to establish bad character or criminal tendencies." Contrary to Colon's argument, the above-quoted paragraph does not state or imply that the same instruction was given as to witness-intimidation evidence. Federal habeas courts must read state-court opinions under a "highly deferential standard" that gives state courts "the benefit of the doubt." <u>Cullen v. Pinholster</u>, 563 U.S. 170, 181 (2011). While it might have been clearer for the Superior Court to separate the two

halves of the above paragraph, the Superior Court did not misunderstand the trial court's jury charge.

21. Because Colon's sole argument to overcome the bar of § 2254(d) is that the Superior Court made an unreasonable determination of the facts, and because this ground does not apply, federal habeas relief is unavailable. I therefore overrule Colon's objections as to this ground and will adopt Judge Wells's recommendation that this ground be denied.

### B. Prosecutorial Misconduct

22. Colon argued to the Superior Court that his trial counsel was ineffective for failing to object to comments by the prosecutor that were improper under state law. Colon II, 2020 WL 6256864, at *6.[1] Judge Wells recommended that this ground be denied because the Superior Court's resolution of it was not unreasonable. In his habeas petition, Colon asserts that the Superior Court's adjudication of that claim was erroneous in several ways, discussed below.

#### (1) Failure to Identify Strickland v. Washington as Controlling Authority

23. Colon asserts that "the state court failed to identify Strickland v. Washington as the controlling authority to resolve this ineffective assistance of counsel claim," making its decision "contrary to" clearly established federal law. (Objections at 5.) Instead, Colon posits, the Superior Court adjudicated a state-law prosecutorial misconduct claim rather than counsel's alleged failure to raise such a claim. (Memorandum at 67.)

---

[1] Although Colon's Memorandum cites federal cases in addition to state cases for the impropriety of the prosecutor's comments, Colon does not argue that the prosecutor's comments themselves violated his federal rights. Rather, Colon asserts that counsel was ineffective under Strickland for failing to object when the prosecutor deviated from the requirements of state law.

24. The Superior Court identified Pennsylvania's standard for ineffective assistance of counsel and stated that it was "identical" to Strickland. Colon II, 2020 WL 6256864, at *3. That standard, as articulated by the Superior Court, contained three elements:

> (1) **[the defendant's] underlying claim is of arguable merit**; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different.

Id. (emphasis added). This test "is consistent with the Supreme Court's decision in Strickland because it requires findings as to both deficient performance and actual prejudice." Tyson v. Superintendent Houtzdale SCI, 976 F.3d 382, 391 (3d Cir. 2020) (quotation marks omitted). The Superior Court therefore identified Strickland as the controlling law and applied it.

25. Colon nevertheless takes issue with the first element of the Superior Court's test (emphasized above): that the "underlying claim" must have "arguable merit." The Superior Court interpreted the "underlying claim" to be that the prosecutor's comments "r[o]se to the level where they could be found to unavoidably prejudice the jurors by forming in their minds a fixed bias and hostility toward him, thus impeding their ability to weigh the evidence objectively and render a true verdict"—the same standard Pennsylvania courts use to determine whether a mistrial should be granted for prosecutorial misconduct. See Commonwealth v. Hamilton, 334 A.2d 588, 594 (Pa. 1975). Colon asserts that by analyzing this state-law prosecutorial misconduct claim instead of his federal Strickland claim, the Superior Court's decision was "contrary to" clearly established federal law.

26. Analyzing the merits of an "underlying claim" ordinarily does not contravene Strickland—and in fact is often required by it—because "[t]here can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument." United

10

States v. Sanders, 165 F.3d 248, 253 (3d Cir. 1999).[2] There conceivably could be cases where an attorney may perform deficiently by failing to object to statements that, while not technically prohibited, might have prompted the trial judge to rein in the prosecutor as a matter of discretion. Colon asserts that such occurred here: that the prosecutor's "reference[s] to unsafe conditions on the city's streets, rampancy of crime, etc." were "inappropriate" and thus competent counsel would have objected even if the remarks were not so severe as to meet the state-law standard for a mistrial. See Hamilton, 334 A.2d at 594. (Memorandum at 67 ("The state court's entire analysis focused on whether the prosecutor's remarks were of a type to merit reversal under the standards governing prosecutorial misconduct.").)

27. I conclude that the Superior Court's analysis of Colon's "underlying claim" was not contrary to or an unreasonable application of Strickland. The Superior Court found that the prosecutor's comments were "not improper" and "not inappropriate." Colon II, 2020 WL 6256864, at *6. It also analyzed the prosecutor's remarks to "determine their prejudicial quality" and noted that the jury had been instructed that "counsel's arguments are not evidence" and "jurors are presumed to follow trial court instructions." Id. That is the same analysis Strickland requires. It was not unreasonable for the Superior Court to conclude that counsel could not be ineffective for failing to object to comments that were "not improper." See Sanders, 165 F.3d at 253.

28. Colon further objects that in analyzing his Strickland claim, the Superior Court gave preclusive effect to a prior direct appeal in which some of the prosecutor's comments were found not to warrant a mistrial, which is a different standard than Strickland. See Colon II, 2020 WL 6256864, at *6. (See Memorandum at 67.) But the comments addressed on direct appeal were

---

[2] Indeed, the Superior Court viewed the merits of the underlying claim as an "arm of the Strickland standard." Colon II, 2020 WL 6256864, at *5 n.9.

irrelevant to Colon's Strickland claim because trial counsel did object to those. And, in any event, the Superior Court on direct appeal considered whether Colon "was prejudiced" by those comments, which is the analysis that would have been required under Strickland. Colon I, 2017 WL 89112, at *4. Thus, the Superior Court's analysis on PCRA review was not contrary to Strickland.

        (2)    Misinterpreting the Prosecutor's Comments

29. Colon argues that the Superior Court misinterpreted the following statement by the prosecutor:

> [The decedent] bought his drugs of choice from **the area** of 5th and Westmor[e]land, 5th and Cornwall. That's a little north of the West Kensington section of our city, a little south, Juniata Park. Some people call it **Fairhill**. That's where he would get his drugs.
>
> **That area** of the city is locked down, is owned for the drug trade by members of an organization. This organization, participants include these two men here: William Colon, Jimmy Santos. They work **that corner** and they sell the drugs; no one else.

(Memorandum at 69 (emphasis added).)

30. The Superior Court interpreted the phrase "[t]hat area of the city" (the area that is "locked down") to mean just "the immediate area where the shooting occurred"—i.e., the mentioned street corners—as opposed to "'vast areas' of Philadelphia." Colon II, 2020 WL 6256864, at *6. Colon argues that this interpretation was unreasonable because the word "area" naturally refers to a neighborhood, not just a streetcorner, and the prosecutor mentioned the neighborhood "Fairhill."

31. Under the highly deferential standard of § 2254(d), I agree with Judge Wells that the Superior Court's interpretation of the prosecutor's comment was debatable but not unreasonable. The comment used the phrase "that area" immediately following a reference to the mentioned

streetcorners as "the area." It was therefore not unreasonable to infer that "that area" and "the area" both referred to the streetcorner where the shooting occurred.

32. Colon also argues that even if the prosecutor only referenced a single streetcorner, the comment was still inappropriate because there was no evidence to support it, even for that streetcorner. On this point, the Superior Court noted that the jury had been instructed that "arguments are not evidence." Colon II, 2020 WL 6256864, at *6. The Superior Court's conclusion that this instruction was sufficient to cure the prejudice, while open to disagreement, was not an unreasonable application of Strickland.

   (3)  Ignoring Other Instances of Prosecutorial Misconduct

33. Colon argues that "the state court ignored many of the instances of unchallenged prosecutorial misconduct." (Objections at 5.) Comments that appear in Colon's Memorandum that are not explicitly referenced in the Superior Court's opinion include:

  a. The prosecutor referring to Colon as a "murderer" and a "criminal." (Memorandum at 56, 63.)

  b. The prosecutor's comments in closing argument about having seen "hundreds" of witnesses "go[] south" and the "excuses" such witnesses tend to give. (Memorandum at 59-60.)

  c. The prosecutor's speculation in closing that witnesses were scared of Colon because they had seen him "gun down a completely innocent person at point-blank range." (Memorandum at 61-62.)

  d. The prosecutor's remark in closing that aggressive questioning had been needed to "[ferret] out what is really going on." (Memorandum at 62.)[3]

34. In particular, Colon emphasizes the following comment by the prosecutor in closing argument:

---

[3] Colon references other allegedly improper comments that were objected to and thus cannot form the basis of a claim that trial counsel was ineffective for failing to object. (Memorandum at 58-59.)

13

> Ladies and gentlemen, collectively between the four of us,[4] literally, hundreds and hundreds of murder cases, somebody going south, trying to explain away what they told detectives, it's not unusual. I will not berate the point.
>
> You heard over and over again, both at the beginning of this case, throughout all the witnesses, that it concerns the things happening out on the street and our own common sense. You only need pick up a newspaper to know what it is to be a rat, informant, snitch. There are real consequences. That is the inescapable truth of Philadelphia.
>
> I am not here to ask you to send some sort of message about that, but as many witnesses as I have seen, and called, an [sic] interviewed, and talked about, I have heard just about every excuse in the book.

(N.T. 1/14/15, 130:1-19.)

    35.    The Court of Common Pleas on PCRA review addressed this comment as follows:

> A reading of the total transcript shows that these arguments were indeed comments on the evidence presented during the trial or appropriate inferences that could be drawn from such evidence.

Commonwealth v. Colon, 375 EDA 2020, at *25 (Court of Common Pleas, Mar. 9, 2020).

    36.    The Superior Court did not expressly address this comment or the others listed above. However, there is a rebuttable presumption that a state court addressed all of a habeas petitioner's claims on the merits. Johnson v. Williams, 568 U.S. 289, 298 (2013). Colon does not point to evidence in the Superior Court's opinion that it "overlooked" these comments. See Bennett v. Superintendent Graterford SCI, 886 F.3d 268, 283 (3d Cir. 2018).

    37.    In addition, the Superior Court did address the prosecutor's opening remarks about the evils of substance abuse and addiction. Colon II, 2020 WL 6256864, at *6. It concluded that these comments were "not improper" as a way to "contextualize the shooting" and, in any event, did not "cause prejudice." Id. The Superior Court also addressed the prosecutor's opening remarks about "rampant" and "pervasive" intimidation in the context of Colon's argument that an additional

---

[4] Presumably, the attorneys and the trial judge.

cautionary instruction was required. (See Memorandum at 51-52.)[5] It decided that Colon was not prejudiced by these comments. The Superior Court was not required to repeat that analysis in deciding whether counsel should have objected to these comments for the additional reason that they constituted prosecutorial misconduct.

38. Because it is presumed that the Superior Court considered these arguments on the merits, Colon must show that it was "unreasonable" for the Superior Court to reject them. Harrington v. Richter, 562 U.S. 86, 102 (2011). I agree with Judge Wells that it was not. The prosecutor's comment regarding rampant witness intimidation in Philadelphia is not substantially different from the comments addressed in the controlling Pennsylvania Supreme Court authority, Commonwealth v. Hamilton:

> Now, it's difficult at best to live in a community of Philadelphia where crime has been so rampant that people are afraid to walk the streets. Women are afraid to go out after dark. Men are afraid to walk their dogs or go to the corner to put a letter in the mailbox. Something must be done about this sort of thing.

334 A.2d at 593.

39. In Hamilton, the Pennsylvania Supreme Court concluded that although the comments made by the prosecutor were inappropriate, they were not so prejudicial as to deny the defendant a fair trial. Id.

40. Given this precedent, and the deference owed to the state court, it was not "unreasonable" for the Superior Court to conclude that the prosecutor did not overstep the line and that Colon was not prejudiced by trial counsel's failure to object to the above comments.

---

[5] Colon maintains that these remarks were improper "vouching" for the credibility of the witnesses' out-of-court statements. Although vouching can in some circumstances implicate federal Due Process rights, Colon's sole claim is that trial counsel was ineffective under Strickland for failing to object to these comments. See Lam v. Kelchner, 304 F.3d 256, 271 (3d Cir. 2002).

15

    (4)  <u>Ignoring the Cumulative Impact of the Prosecutor's Comments</u>

  41.  Colon argues that the Superior Court unreasonably applied <u>Strickland</u> because it considered the prosecutor's comments individually rather than assessing their cumulative impact.

  42.  To survive habeas review, a state court is not required to expressly state that it considered the "cumulative impact" of alleged errors so long as that is the "fair import" of its decision. <u>Early v. Packer</u>, 537 U.S. 3, 9 (2002). It is evidence from the paragraph of the Superior Court's opinion discussing witness intimidation that the Superior Court considered the prosecutor's comments as a whole. See <u>Colon II</u>, 2020 WL 6256864, at *4.

  43.  For these reasons, I will adopt Judge Wells's recommendation that habeas relief is not warranted on Colon's <u>Strickland</u> claim.

  **WHEREFORE**, it is hereby **ORDERED** that:

  44.  The Report and Recommendation (ECF No. 16) is **ADOPTED** with the following modification: Pursuant to Third Circuit Local Rule 22.2, it is recommended that a Certificate of Appealability be issued limited to the following question: Whether the Superior Court's conclusion that counsel was not ineffective under <u>Strickland</u> for failing to object to the prosecutor's comments on the rampancy of witness intimidation in Philadelphia was a reasonable application of federal law under 28 U.S.C. § 2254(d).

  45.  The petition for a writ of habeas corpus (ECF No. 1) is **DENIED**.

  46.  The Clerk of Court shall mark this case closed.

**BY THE COURT:**

*/s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, J.**